IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 09-280 |
| DAVID SCHWARTZENBERGER | |

**MOTION FOR PRELIMINARY ORDER OF**
**<u>FORFEITURE OF SUBSTITUTE ASSET</u>**

AND NOW comes the United States of America, by and through its counsel, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for the Western District of Pennsylvania, and pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), respectfully moves for a preliminary order of forfeiture for approximately $47.30 previously offset through the Treasury Offset Program ("TOP") for defendant David Schwartzenberger, as well as any future offsets, as a substitute asset in partial satisfaction of defendant's $750,000.00 *in personam* forfeiture judgment.  In support thereof, the United States avers as follows.

**Relevant Procedural History**

1.  By Order dated February 9, 2012, the Court entered an *in personam* forfeiture money judgment in the amount of $750,000.00 against defendant David Schwartzenberger ("Schwartzenberger") and in favor of the United States pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.  Doc. No. 64.

2.  In his written plea agreement, Schwartzenberger agreed that, as a result of the charged offense, he generated $750,000.00 in illegal proceeds and dissipated and spent the

$750,000.00.   Schwartzenberger agreed to entry of an *in personam* forfeiture judgment against him in the amount of $750,000.00 pursuant to 21 U.S.C. § 853(p).

3. By Criminal Judgment dated February 9, 2012, the *in personam* forfeiture money judgment in the amount of $750,000.00 was made part of Schwartzenberger's sentence pursuant to Rule 32.2(b)(4)(B).   Doc. No. 66.

### Treasury Offset Program

4. Under the Treasury Offset Program ("TOP"), the Treasury Department has the authority to, among other things, collect delinquent non-tax debts through offset.   *See Johnson v. United States*, 469 Fed. Appx. 79, 81 (3d Cir. 2012).   Offset occurs when the federal government withholds from the debtor all or part of a federal payment otherwise due to the debtor.   *See* 31 C.F.R. § 285.5.

5. Under TOP, an agency must send a debtor a notice before enrolling the debt in TOP.   A debtor has 60 days within which to present evidence that the debt is not owing or enforceable.   *See* 31 U.S.C. § 3720A(b)(2); 31 CFR § 285.5.

6. Several attempts were made to send the Notice of Intent to Offset and/or Seize Substitute Assets to Schwartzenberger by certified mail, but none were completed.   As a result, a deputy U.S. Marshal hand delivered the notice to Schwartzenberger on February 27, 2020 at his residence in Champion, Pennsylvania.   No response or objection was received from Schwartzenberger within the allotted time.   Accordingly, his outstanding forfeiture money judgment debt was enrolled in TOP.

7. As of November 22, 2024, the United States has collected approximately $47.30 through TOP offsets towards Schwartzenberger's forfeiture money judgment, and the current

balance owed is approximately $705,552.70, which includes approximately $44,400.00 in voluntary payments.

8.  The United States now seeks to forfeit the funds that have been offset, as well as any other federal payments collected from the defendant through the Treasury Offset Program, as a substitute asset in partial satisfaction of the defendant's forfeiture money judgment.

**Preliminary Order of Forfeiture for Defendant's TOP Offsets**

9.  21 U.S.C. § 853(p) provides for the forfeiture of substitute property where, "as a result of any act or omission of the defendant" directly forfeitable property:

> (A) cannot be located upon the exercise of due diligence;
>
> (B) has been transferred or sold to, or deposited with, a third party;
>
> (C) has been placed beyond the jurisdiction of the court;
>
> (D) has been substantially diminished in value; or
>
> (E) has been commingled with other property which cannot be divided without difficulty

10. Federal Rule of Criminal Procedure 32.2(e)(1)(B) further provides that on the government's motion, the Court may at any time enter an order of forfeiture to include property that is substitute property.

11. When the defendant acknowledged in his plea agreement that, as a result of his offense, he generated $750,000.00 in illegal proceeds and that he dissipated and spent these funds, the conditions set forth in 21 U.S.C. § 853(p)(1)(A) and (C) have been satisfied.

12. The United States therefore respectfully requests that the Court enter a Preliminary Order of Forfeiture for Substitute Asset forfeiting the defendant's interest in any and

all funds previously collected through the Treasury Offset Program, as well as future TOP offsets, in partial satisfaction of his forfeiture money judgment.

13.     Upon the issuance of the Preliminary Order of Forfeiture for Substitute Asset against the defendant, the United States will provide written notice to all third parties, if any, known to the United States who may have an interest in the subject funds.   The United States will also advertise notice of this forfeiture proceeding via the government's forfeiture website.

WHEREFORE, the United States respectfully requests that this Honorable Court enter a Preliminary Order of Criminal Forfeiture of Substitute Asset as set forth in the accompanying proposed order.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ Lee J. Karl*
LEE J. KARL
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7488
(412) 644-6995 (fax)
lee.karl@usdoj.gov
PA ID No. 87856 (AFF)

## CERTIFICATE OF SERVICE

I hereby certify that the United States' Motion for Preliminary Order of Criminal Forfeiture against David Schwartzenberger has been served through the electronic filing system this 26th day of November, 2024, upon the following:

>Stanton Levenson, Esquire
>stan@seriousdefense.com
>
>David A. Ogden, Esquire
>Davidogden_99@yahoo.com

The Motion was additionally served upon the following by first-class and certified mail:

>David Schwartzenberger
>114 Claycomb Chalets Lane
>Chalet #4
>Champion, PA 15622

>/s/ Lee J. Karl
>LEE J. KARL
>Assistant U.S. Attorney
>Joseph F. Weis, Jr. U.S. Courthouse
>700 Grant Street, Suite 4000
>Pittsburgh, PA 15219
>(412)894-7488
>(412)644-6995 (fax)
>lee.karl@usdoj.gov
>PA ID No. 87856 (AFF)